IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STONI SMITH, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| SANTANDER CONSUMER USA, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Santander Consumer USA, Inc. ("Santander"), gives notice of the removal of the case styled *Stoni Smith v. Santander Consumer USA, Inc.*, Case No. 12NW-CV02648, from the Circuit Court of Newton County, Missouri to the United States District Court for the Western District of Missouri. Defendant removes the case without waiving, but reserving all procedural and substantive rights and defenses. Defendants state the following in support of removal and of this notice:

1. On December 5, 2012, Plaintiff Stoni Smith ("Plaintiff") filed her Petition against Santander in the Circuit Court of Newton County, Missouri. Santander was served with the Summons and Petition on December 18, 2012.

2. In her Petition, Plaintiff asserts a claim alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and a state law tort claim for tortious interference with prospective economic relations.

3. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States, including claims arising under the FDCPA.

4. This Court has supplemental jurisdiction over Plaintiff's sole tort claim pursuant to 28 U.S.C. § 1367 because Plaintiff's claim for tortious interference with prospective economic relations is so related to the federal claim alleged that they form part of the same case or controversy.

5. Because of this Court's original jurisdiction over Plaintiff's FDCPA claim and supplemental jurisdiction over Plaintiff's remaining state law tort claim, removal of this action is proper under 28 U.S.C. § 1441.

6. There are no other co-defendants whose consent is required for removal.

7. The filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is within thirty (30) days of receipt by Santander, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which this action is based.

8. The United States District Court for the Western District of Missouri is an appropriate venue for removal purposes pursuant to 28 U.S.C. §§ 1331 and 1441. The Circuit Court of Newton County, Missouri, is located within the Western District of Missouri.

9. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon Santander in this action are attached hereto as Exhibit A. Plaintiff has not served, and Santander has not received, any other process, pleadings or orders.

10. After filing of this Notice of Removal, Santander will file a copy of this Notice with the Clerk of the Circuit Court of Newton County, Missouri, and will provide Notice of Removal to Adverse Party, as provided by 28 U.S.C. § 1446(d).

11. Santander reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Santander Consumer USA, Inc. respectfully provides notice of the removal of this action from the Circuit Court of Newton County, Missouri, to the United

States District Court for the Western District of Missouri for all further proceedings, and prays for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ZERGER & MAUER LLP**

By: /s/ Melody L. Rayl
Steven E. Mauer   MO Bar #37162
Melody L. Rayl   MO Bar #60362
1100 Main Street, Suite 2100
Kansas City, Missouri 64105
Telephone: (816) 759-3300
FAX: (816) 759-3399

ATTORNEYS FOR DEFENDANT
SANTANDER CONSUMER USA INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17TH day of January, 2013, a true and correct copy of the foregoing was filed by CM/ECF and mailed, U.S. first class postage prepaid, to:

David Sims
SIMS, JOHNSON, WOOD & SIMS
119 South Washington
P.O. Box 276
Neosho, Missouri 64850
Telephone: 417-451-4141
Facsimile: 417-451-9581
dsims@swbell.net
*Attorney for Plaintiff*

                         /s/ Melody L. Rayl
                         Attorney for Defendant

# Exhibit A

FILED
DEC 05 2012
PATTY A. KRUEGER
CLERK OF THE CIRCUIT COUR

IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI
ASSOCIATE DIVISION - AT NEOSHO

Stoni Smith

      Plaintiff,

vs.

SANTANDER CONSUMER USA, INC.
Registered Agent:
CT Corporation System
120 South Central Avenue
Clayton, MO 63105

      Defendant.

Case No. 12NW-CV02648

## PETITION
### Facts Common to All Counts

Comes now Plaintiff, Stoni Smith, by and through her attorney, David Sims, and in support of her Petition, states the following facts common to all counts:

1. That Petitioner is an individual residing in Newton County, Missouri.

2. That Defendant is an Illinois corporation, registered to do business in Missouri, with its registered agent being: CT Corporation System.

3. That Defendant has reported to various credit reporting agencies that Plaintiff is indebted to Defendant in the amount of $7,000.00.

4. That Plaintiff has disputed the validity of said debt and asked for verification of said debt pursuant to the Fair Debt Collection Practices Act by written document dated January 27, 2012.

5. That Defendant has reported to Plaintiff that said debt relates to an alleged deficiency due after the sale of a 2001 vehicle repossessed by Defendant and sold on or about May 11, 2007.

6. That even if Plaintiff had contractual liability to Defendant, the staute of limitations in Missouri on a deficiency suit after the sale of collateral is 4 years, thus barring collection on this account after May 11, 2011.

7. That on or about February 16, 2011, Plaintiff informed Defendant that the suit was barred by the statute of limitations.

8. That Plaintiff offered to pay Defendant to remove the negative report from Plaintiff's credit history in writing dated February 16, 2012.

9. That Defendant refused to accept any sum from Plaintiff and denied Plaintiff's allegation of invalidity of said debt.

10. That Defendant did not send to Plaintiff any notices required by the Uniform Commercial Code as adopted by the State of Missouri, and is thus not entitled to pursue any deficiency judgment against Plaintiff.

## COUNT I
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C Section 1692, et seq.

Comes now, Plaintiff, Stoni Smith, by and through her attorney, David Sims, and in support of Count I of her Petition for Violation of the Fair Debt Collection Practices Act, 15 U.S.C Section 1692, et seq. (FDCPA), states the following:

1. That Plaintiff herein incorporates and re-alleges Paragraphs 1-10 of the Facts Common to All Counts as previously alleged.

2. That Defendant violated 15 U.S.C Section 1692e by using false, deceptive, and misleading representations or means in connection with the collection of the alleged debt.

3. That Defendant violated 15 U.S.C Section 1692(g)(b) by failing to provide proper verification of the debt by failing to provide any documentation to Plaintiff, after written request, to show that Plaintiff had any contractual obligation owed to Defendant, despite said representation made to credit reporting agencies.

4. That Defendant violated 15 U.S.C Section 1692(e)(2)(A) by representing to Plaintiff a false statute of limitations period.

5. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment against defendant for actual damages, statutory damages, costs, attorneys' fees, and such other relief as the court deems just and proper.

## COUNT II
### Tortious Interference with Prospective Economic Relations

Comes now, Plaintiff, Stoni Smith, by and through her attorney, David Sims, and in support of Count II of her Petition for Tortious Interference with Prospective Economic Relations, states the following:

1. That Plaintiff herein incorporates and re-alleges Paragraphs 1-10 of the Facts Common to All Counts as previously alleged.

2. That Defendants' acts interfere with Plaintiff's ability to obtain other credit in the form of a home mortgage.

3. As a result of the foregoing, Defendant is liable to Plaintiff for actual damages.

WHEREFORE, Plaintiff prays for judgment against defendant for actual damages, costs, and such other relief as the court deems just and proper.

Respectfully submitted,

SIMS, JOHNSON, WOOD & SIMS

_____
David Sims
Missouri Bar #51987
119 South Washington
P.O. Box 276
Neosho, Missouri 64850
Ph: (417) 451-4141
Fax: (417) 451-9581
dsims@swbell.net

ATTORNEYS FOR PLAINTIFF

# IN THE 40TH JUDICIAL CIRCUIT COURT, NEWTON COUNTY, MISSOURI

S/BJ/11   return

| Judge or Division:<br>TIMOTHY WAYNE PERIGO | Case Number: 12NW-CV02648 |
|---|---|
| Plaintiff/Petitioner:<br>STONI JO SMITH | Plaintiff's/Petitioner's Attorney/Address<br>DAVID WILLIAM SIMS<br>119 S WASHINGTON<br>P O BOX 276<br>NEOSHO, MO 64850   51987 |
| vs. | |
| Defendant/Respondent:<br>SANTANDER CONSUMER USA INC | Court Address:<br>TO BE DETERMINED:<br>101 S. WOOD<br>NEOSHO, MO 64850 |
| Nature of Suit:<br>CC Other Tort | |

FILED DEC 11 2012 PATTY A. KRUEGER CLERK OF THE CIRCUIT COURT
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: SANTANDER CONSUMER USA INC
Alias: CT(on DEC 13 2012  30 μ

RA : CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF NEWTON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/11/12
Date

Jessica W. Headora-Jordan-dc
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis) _____ (date) at _____ (time).

I hereby certify that on this date DEC 18 2012 in St. Louis County, at 120 S. Central Ave., I served a copy of the within on the defendant named by delivering a copy to CT CORP., THE CORP. CO., the registered agent of the defendant, by leaving copy with B. Love, E. King, Meehan

Printed Name of Sheriff or Server: Jim Buckles
Signature of Sheriff or Server

Must be sworn before a notary public or certified by an authorized officer.
Subscribed and sworn to before me on Sheriff, St. Louis County   Deputy Sheriff
(Seal)
My commission expires: _____
Date                               Notary Public

### Sheriff's Fees
Summons        $
Non Est        $
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage        $ ___ ( ___ miles @ $ ___ per mile)
Total          $

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

FILED DEC 27 2012 PATTY A. KRUEGER CLERK OF THE CIRCUIT COURT

aR 12/14     12-SMCC-15867

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 12-SMCC-746   1 of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo